IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

FILED
'02 NOV 02 AM 10: 54
DISTRICT OF UTAH
BY: DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br><br>Plaintiff, )<br><br><br>KENNECOTT HOLDINGS )<br>CORPORATION (formerly Kennecott )<br>Corporation) and KENNECOTT UTAH )<br>COPPER CORPORATION )<br><br>Defendants ) | CIVIL ACTION NO. **2 : 0 2 C V  1 2 2 8**<br><br>**DAK** |

## COMPLAINT

Plaintiff, the United States of America, by its undersigned attorneys, by the authority of the

Attorney General of the United States and at the request of the Administrator of the United States

Environmental Protection Agency ("EPA"), alleges that:

### NATURE OF ACTION

1.      This is a civil action brought pursuant to Sections 106 and 107 of the Comprehensive

Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended, 42

U.S.C. §§ 9606 and 9607, against Kennecott Holdings Corporation (formerly Kennecott

Corporation)("Kennecott"), and Kennecott Utah Copper Corporation ("KUCC").

2.      By this action the United States seeks reimbursement of response costs and the

performance of response actions in connection with three Operable Units ("OUs") of the "Kennecott

South Zone Site" located in the southwest portion of Salt Lake County, Utah, described below and for purposes of this Complaint will be referred to as the "Site."

JURISDICTION AND VENUE

3.    This Court has jurisdiction over this action and the parties hereto pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331 and 1345.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the Site is located, the defendant resides, and the release(s) or threatened release(s) of hazardous substances which are the subject of this action occurred in this judicial district.

DEFENDANTS

5.    Kennecott Utah Copper Corporation ("KUCC") is a corporation organized under the laws of Delaware and a wholly-owned subsidiary of Kennecott Holdings Corporation, formerly Kennecott Corporation, a corporation organized under the laws of the State of Delaware ("Kennecott").  Kennecott and KUCC both have corporate headquarters in Salt Lake City, Utah.

SITE DESCRIPTION AND HISTORY

6.    EPA proposed placing the "Kennecott South Zone Site" on the National Priorities List ("NPL"), set forth at Appendix D of 40 C.F.R. Part 300, by publication in the Federal Register on Tuesday January 18, 1994, 59 Fed. Reg. 2568.  That proposed NPL listing has not been finalized.

7.    The Kennecott South Zone Site is composed of surface areas contaminated by mining wastes from the Oquirrh Mountains on the west side of the Salt Lake Valley, and subsurface areas contaminated by acid leachates from the mining district.  EPA divided the Kennecott South Zone Site

- 2 -

into multiple OUs.

8.      Three of the OUs of the Kennecott South Zone Site, which constitute the "Site" for

purposes of this Complaint, include:   (a) the Butterfield Waste Rock/Butterfield Canyon and Herriman

Residential Soils/Agricultural Lands (OU3); (b) the Lark Waste Rock and Tailings (OU6); and (c) the

South Jordan Evaporation Ponds (OU7).

9.      EPA conducted various "removal" activities, as defined in Section 101(23) of

CERCLA, 42 U.S.C. § 9601(23), in response to the release or threat of release of hazardous

substances at or from the Site.  Such removal activities included overseeing the investigation,

characterization, and work KUCC and Kennecott performed in response to Administrative Order

Docket Nos. CERCLA-VIII-91-18;  CERCLA-VIII-94-18;  CERCLA-VIII-97-08; CERCLA-

VIII-97-09; and CERCLA-VIII-98-09.

10.     In accordance with the National Contingency Plan, 40 C.F.R. Part 300, and Section

121(f)(1)(G) and (H) of CERCLA, 42 U.S.C. § 9621(f)(1)(G) and (H), EPA notified the State of

Utah (the "State") on June 15, 2000 of the proposed plan for "remedial action" for the Site, as defined

in Section 101(24) of CERCLA, 42 U.S.C. § 9601(24), and EPA has provided the State with an

opportunity to comment upon such proposed plan.  Pursuant to Section 117 of CERCLA, 42 U.S.C. §

9617, EPA published notice of the proposed plan for remedial action on April 30, 2001, in a major

local newspaper of general circulation.  EPA provided an opportunity for written and oral comments

from the public on the proposed plan for remedial action.  EPA selected a remedial action for the Site

documented in EPA's September 28, 2001 Record of Decision ("ROD") on which the State had a

reasonable opportunity to review and comment.  The ROD includes a responsiveness summary to the

- 3 -

public comments.  Notice of the final plan was published in accordance with Section 117(b) of CERCLA.

11.     Certain response actions selected by the ROD have not yet been fully implemented. Work of a continuing nature includes institutional controls associated with the cleanup of that portion of OU3 designated as Herriman Residential Soils/Agricultural Lands, which includes the disposal of contaminated soils to a repository owned and operated by KUCC/Kennecott, and operation and maintenance activities associated with the remedy implemented to address the South Jordan Evaporation Ponds (OU7).

12.     EPA incurred at least $307,545.64 for response costs associated with response actions taken at the Site including overseeing work by KUCC/Kennecott under one or more of the administrative orders referred to in paragraph 9, and costs associated with developing and implementing the ROD.

<u>FIRST CLAIM FOR RELIEF</u>

13.     Paragraphs 1 through 12 are realleged and incorporated herein by reference.

14.     KUCC and Kennecott and their corporate predecessors-in-interest are each a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

15.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part:

> (1)  the owner and operator of a vessel or a facility,
>
> (2)  any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . .
>
> shall be liable for--

- 4 -

(A) all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan. . . .

16.     KUCC and Kennecott, and one or more of their corporate predecessors, is within the class of persons described in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

17.     KUCC and/or Kennecott own and or operate, and one or more of their corporate predecessors, is and/or was the owner and/or operator of waste rock dumps placed in Butterfield Canyon, the Butterfield and Bingham Tunnels, and other mining properties within or in the vicinity of Butterfield Canyon which is a "facility" within the meaning of Sections 107(a) and 101(9) of CERCLA, 42 U.S.C. §§ 9607(a) and 9601(9).

18.     KUCC and/or Kennecott, or one or more of their corporate predecessors, was the owner and/or operator of a facility at the time mine wastes containing lead were disposed.

19.     Lead is a "hazardous substance" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), and is listed at 40 C.F.R. Part 302, Table 302.4 (1989).

20.     Hazardous substances were disposed of at facilities owned or operated by KUCC, Kennecott, and/or one or more of their predecessors-in-interest.

21.     The Site is a "facility" within the meaning of Sections 107(a) and 101(9) of CERCLA, 42 U.S.C. §§ 9607(a) and 9601(9).

23.     There has been a "release" or a "threatened release" of a hazardous substance from one or more of the "facilities," or a combination thereof, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

24.     The actions taken by the United States in connection with the Site constitute "response"

- 5 -

actions within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25). The United States has incurred response costs in connection with such actions. The response costs were incurred not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

25.     Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), KUCC and Kennecott are liable to the United States for all response costs incurred in responding to the release or threatened release of hazardous substances at or from the Site in an amount of no less than $307,545.64.

SECOND CLAIM FOR RELIEF

26.     Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27.     EPA has determined that there may by an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance at or from the Site, and selected a remedial action to abate such danger or threat in the ROD.

28.     Pursuant to Section 9606(a) of CERCLA, 42 U.S.C. § 106(a), KUCC and Kennecott should be ordered to fully implement EPA's ROD.

PRAYER FOR RELIEF

WHEREFORE, plaintiff the United States of America prays that this Court:

A.      Enter judgment in favor of the United States and against KUCC and Kennecott for response costs incurred by the United States in connection with Site in the amount of no less than $307,545.64, together with prejudgment interest and enforcement costs;

B.      Enter a declaratory judgment pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that KUCC and Kennecott are liable for response costs that will be binding in any

- 6 -

subsequent action or actions to recover future response costs incurred by the United States in

connection with this Site;

      C.      Enter an order directing KUCC and Kennecott to fully implement EPA's ROD

pursuant to Section 9606(a) of CERCLA, 42 U.S.C. § 106(a); and

      D.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

W. BENJAMIN FISHEROW
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
1425 NY Avenue, NW
Room 13063
Washington, D.C. 20530


JEREL L. ELLINGTON
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
999 18th St., Suite 945N
Denver, CO 80222

- 7 -

PAUL M. WARNER
United States Attorney


*Daniel D. Price*

DANIEL D. PRICE
Assistant United States Attorney
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682